# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY DARNELLE FLETCHER, | Case No. 2:21-cv-01223-RFB-DJA |
| Petitioner, | |
| v. | **ORDER** |
| RENEE BAKER, et al., | |
| Respondents. | |

Petitioner Anthony Darnelle Fletcher filed a *pro se* petition for writ of habeas corpus under 28 U.S.C § 2254 (ECF No. 1-1). This habeas matter is before the Court for initial review under the rules governing § 2254 cases,[1] as well as consideration of Petitioner's Motion for Appointment of Counsel (ECF No. 1-2).

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Fletcher challenges a conviction and sentence imposed by the Eighth Judicial District Court ("state district court"). State v. Fletcher, Case No. C-17-326205-1.[2] On June 13, 2018, the state court entered a judgment of conviction for second degree murder with use of a deadly weapon and sentenced Fletcher to life with the possibility of parole after 120 months plus a consecutive term of 24 to 120 months for the deadly weapon enhancement. In June 2019, Petitioner filed a state

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

petition for writ of habeas corpus. Fletcher v. Howell, Case No. A-19-796013-W. The state court denied post-conviction relief. Petitioner filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial of relief in October 2021, and a remittitur has not yet been issued. On June 29, 2021, Petitioner initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court instructed him to resolve the filing fee, and he complied. (ECF Nos. 3, 4.) Having conducted an initial review, the Court will direct service of the petition.

Turning to Fletcher's motion for appointment of counsel (ECF No. 1-2) to assist Fletcher in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. See Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. See 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. See La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Fletcher is serving a lengthy sentence of life with the possibility of parole. Fletcher's petition may raise relatively complex issues and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Fletcher's motion for appointment of counsel is granted.

**IT IS THEREFORE ORDERED:**

1. Petitioner Anthony Darnelle Fletcher's Motion for Appointment of Counsel (ECF No. 1-2) is GRANTED.

2. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Fletcher or to indicate the office's inability to represent Fletcher in these proceedings. If the Federal Public Defender is unable to represent Fletcher, the Court will appoint alternate counsel. The counsel appointed will

represent Fletcher in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

3. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Fletcher at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. The Clerk of the Court will file Petitioner Fletcher's Petition for Writ of Habeas Corpus (ECF No. 1-1).

5. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

6. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED this 26 day of October 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE