UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY DARNELLE FLETCHER,<br><br>                               Petitioner,<br>       v.<br>RENEE BAKER, et al.,<br><br>                               Respondents. | Case No. 2:21-cv-01223-RFB-DJA<br><br>**ORDER** |

Following the Notice of Appearance (ECF No. 8) by the Federal Public Defender on behalf of Petitioner Anthony Darnelle Fletcher, Petitioner moves for leave to file his first amended petition for writ of habeas corpus (ECF No. 9) and for a scheduling order (ECF No. 10). Fletcher tentatively calculated the federal statute of limitations under 28 U.S.C. § 2244(d) and because the limitations period may expire on or about December 13, 2021, he requests leave to file his first amended petition as a protective petition.[1] Fletcher further requests issuance of a scheduling order that provides for the opportunity to file a second amended petition that reflects his counsel's thorough review, research, and investigation. The Respondents do not oppose Fletcher's motions. ECF Nos. 11, 12.

The motions essentially seek to pursue a "two-step" procedure whereby Fletcher: (a) files an initial counseled amended petition preserving all then-known claims potentially free of possible relation-back or timing issues; and (b) thereafter potentially files a second amended petition after federal habeas counsel has had a full opportunity to independently investigate all potential claims. See, e.g., McMahon v. Neven, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014) (explaining the court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel

---

[1] See ECF No. 9-1; Exhibit 1.

would be able to conduct a complete investigation). See also Xiao Ye Bai v. Nevada, 2021 WL 246110, at *1 (D. Nev. Jan. 25, 2021).

The Court finds that Fletcher has shown good cause to utilize the two-step procedure here and, therefore, grant his motions.

**IT IS HEREBY ORDERED**:

1. The Federal Public Defender, through Jonathan Kirshbaum, Esq., is appointed as counsel for Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. Petitioner Anthony Darnelle Fletcher's Motion for Leave to File First Amended Petition (ECF No. 9) and Motion for Scheduling Order (ECF No. 10) are **GRANTED**.

3. The Clerk of Court is directed to **FILE** the first amended petition (ECF Nos. 9-1 to 9-16) with the filing date of December 13, 2021.

4. Petitioner will have 60 days from entry of this order, to file a second amended petition and/or seek other appropriate relief. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. Respondents must file a response to the amended petition, including potentially by motion to dismiss, within **60 days** of service of an amended petition. Petitioner may file a reply within **30 days** of service of the answer. However, LR 7-2(b) governs the response and reply time to any motion filed by either party, including motions filed in lieu of a pleading.

6. Any procedural defenses Respondents raise to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to

dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

7. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

8. Respondents must file the state court exhibits relevant to their response in chronological order.

9. All state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

10. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for

///

///

this case—need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED this 31st day of January 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE