# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY DARNELLE FLETCHER, | Case No. 2:21-cv-01223-RFB-DJA |
| Petitioner, | |
| v. | **ORDER** |
| JERRY HOWELL, et al., | |
| Respondents. | |

This habeas matter is before the Court on Respondents' Motion to Dismiss (ECF No. 29). For the reasons discussed below, Respondents' motion is denied.

**I.   Background**

Fletcher challenges a conviction and sentence imposed by the Eighth Judicial District Court ("state court"). Fletcher pled guilty, and the state court entered a judgment of conviction for second degree murder with use of a deadly weapon and sentenced Fletcher to life with the possibility of parole after 120 months plus a consecutive term of 24 to 120 months for the deadly weapon enhancement. (ECF No. 14-3.) Fletcher did not file a direct appeal.

In June 2019, Fletcher filed a state petition for writ of habeas corpus. (ECF No. 14-8.) Following an evidentiary hearing, the state court denied post-conviction relief. (ECF No. 14-9.) Fletcher filed a post-conviction appeal, and the Nevada Supreme Court affirmed the denial of relief. (ECF No. 14-14.) On June 29, 2021, Fletcher initiated this federal habeas corpus proceeding pro se. (ECF No. 1.) Following appointment of counsel, Fletcher filed a second amended petition alleging three claims for relief. (ECF No. 22.) Respondents argue that Fletcher failed to exhaust Grounds Two and Three. (ECF No. 29 at 3.)

**II.   Discussion**

    **a.   Exhaustion**

A state prisoner must first exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures

that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan, 526 U.S. at 844–45; Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

      **b. Technical Exhaustion**

Fletcher acknowledges that Grounds Two and Three were not presented to the state courts but argues the claims are technically exhausted as he can demonstrate cause and prejudice under Martinez v. Ryan, 566 U.S. 1 (2012), to overcome the procedural default. (ECF No. 31.) A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. See Castille v. Peoples, 489 U.S. 346, 351 (1989); see also Dickens v. Ryan, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." Ramirez v. Ryan, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing Coleman, 501 U.S. at 754-55). In Martinez, however, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. See 566 U.S. at 16–17. "Under Martinez, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in

the initial collateral review proceeding . . . and if in that proceeding there was no counsel or counsel was ineffective." Ramirez, 937 F.3d at 1241 (citing Martinez, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying the Martinez rule.[1] See Rodney v. Filson, 916 F.3d 1254, 1259–60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under Martinez, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

Ramirez, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the Martinez test are derived from Strickland v. Washington, 466 U.S. 668 (1984). See Ramirez, 937 F.3d at 1241. The Court's determination of the second prong—whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." Id. (quoting Clabourne v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014), overruled on other grounds by McKinney v. Ryan, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. See id. A procedural default will not be excused if the underlying IAC claim "is insubstantial," i.e., it lacks merit or is "wholly without factual support." Id. (quoting Martinez, 566 U.S. at 14–16).

Here, Fletcher would face multiple procedural bars if he were to return to state court with his unexhausted claims. See, e.g., NRS 34.726, 34.810. Fletcher advances only Martinez as a basis for excusing the anticipatory default of his ineffective assistance of counsel claims. The

---

[1] The Nevada Supreme Court does not recognize Martinez as cause to overcome a state procedural bar pursuant to Nevada law. Brown v. McDaniel, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014) (en banc). Thus, a Nevada habeas petitioner who relies on Martinez—and only Martinez—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Court thus reads Fletcher's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of trial counsel claims would be Martinez and will consider said claims technically exhausted on that basis.

Respondents request that the Court defer ruling on whether Grounds Two and Three are procedurally defaulted given the fact-intensive nature of the claims and Fletcher's cause and prejudice arguments. (ECF No. 32 at 3.) The Court agrees that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, the Court will defer a determination on whether Fletcher can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss Grounds Two and Three is denied without prejudice. Respondents may renew the procedural default argument as to these claims in their answer.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 29) is DENIED.

2. The Court defers consideration of whether Petitioner Anthony Darnelle Fletcher can demonstrate cause and prejudice under Martinez v. Ryan, 566 U.S. 1 (2012), to overcome the procedural default of Grounds Two and Three until the time of merits review. Respondents may reassert the procedural default arguments with respect to those claims in their answer.

3. Within 30 days of entry of this order, Respondents must file an answer addressing all claims in the Second Amended Petition for Writ of Habeas Corpus and also addressing whether Grounds Two and Three are barred by procedural default under federal law.

4. Petitioner will have 30 days from service of the answer within which to file a reply.

DATED this 28th day of April 2023.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE